Mitchell and counsel are on the screen, I believe, and may begin whenever you're ready. Good morning, may it please the court, my name is Michelle Moretti and I represent Appellant Mr. Ryan Michell. With the court's permission, I would like to reserve two minutes for rebuttal and I will try to watch the court's clock. Okay. This court should reverse and remand for a new trial since Mr. Michell can demonstrate a reasonable possibility or probability that but for the Rehaith error, the outcome of his trial would have been different. Counsel, let me interrupt. Counsel, excuse me, let me interrupt. I just have this number of questions for you. Can you, first of all, explain to me how a DUI charge from 2003 can turn into a conviction 13 years later? That's just, that's mysterious to me. Yes, your honor. Apparently, the charge occurred based on 2003 behavior. He filed, Michelle filed an interlocutory appeal and nothing was ever done with it. Michelle moved to New Mexico. When he moved back to Arizona, he got word that there was an outstanding warrant for these 2003 charges. So he proactively contacted his attorney to resolve them. And consequently, in 2016, within the space of three days, he signed two plea agreements and then was subsequently sentenced later that year to basically mandatory probation, which in Arizona necessarily entails for this class of DUI four months incarceration. Okay, and then I have another question. I'll let you make your points, but I'm just trying to understand sort of the context here. And there's a disconnect. I'm trying to understand the relief that you're seeking. So in your opening brief, you seek both retrial and dismissal of the indictment. All right, but in your reply, you only ask for a retrial and there's really no discussion of the indictment. So I'm just wondering, have you abandoned your claim as to the indictment or are you seeking us to remand and with instructions to dismiss the indictment as well as have a retrial if necessary, if the government just chooses to prosecute? I understand your question, Your Honor. We have not abandoned any of the claims in the opening brief, but in the light of Greer, realistically, it is quite likely that an argument can be made if this court reviews only on plain error, Mr. Mischel is still entitled to relief. Well, an ordinarily instructional error of any kind does not require dismissal of an indictment, does it? And not merely instructional error, but as I pointed out in the opening brief, this was far more than instructional error because it infected every phase of the trial. Well, counsel, it seems to me that there's, my difficulty with your position has to do with any possible prejudice. I mean, your client is, in his Miranda's statement, for example, he said, I don't have guns, I'm a felon. I mean, I'd love to eventually expunge my convictions. I'd love to be able to go shoot again. And he signs a plea agreement earlier that he understands that he's subject to two years in prison for a previous felony. I mean, it's hard for me to imagine that there could possibly be a different result. Well, Your Honor, the relevant inquiry is not whether he described himself as a felon or he had committed a felony. It's whether he not should have known, but whether he in fact knew that he was subject to a sentence of imprisonment exceeding one year. But he signed something saying he was subject to imprisonment for up to two years. And he didn't just say he's a felon. He said, that's why he didn't have guns. He not only knew that he was a felon, he knew the legal consequence of that. He volunteered that he knew the legal consequence of that. But Your Honor, Rahave doesn't require that the appellant know the legal consequence. No, but this is one step further than what it requires. It's even more damning to your client, it seems to me. I respectfully disagree. He was aware of his specific Arizona probation conditions that prohibited it. And that's a far cry from realizing that he would be subject to up to 10 years imprisonment. What about a plea agreement that he signed that said this crime carries a presumptive sentence of three and a half years, a minimum sentence of two and a half years, and a maximum sentence of seven years. So that seems to all be more than one, does it not? Well, Your Honor, I presume you're referring to the document that- 1997 conviction. Well, he signed that when he was a juvenile. And there was ample testimony on the record that he did not believe that that conviction had any force and effect once he became of age. And that is a very reasonable belief. If the court were to look at the case I cited in Lockhart, where on retrial, a jury found the defendant did not have the requisite knowledge of status, despite having signed such an agreement and having been convicted of felonies and having served five years in prison because they stemmed from a conviction emanating from the time he was a juvenile, as did this. And I submit that this is a question for a jury. A jury could reasonably find reasonable doubt as to whether Mr. Michel believed. And every piece of evidence shows that he did actually subjectively believe these convictions had no force and effect. So as far as he was concerned, he was proceeding on a clean slate. His behavior suggests that. And what about the, in 2017, he was no longer a juvenile, correct? In 2017, he was no longer a juvenile. And the felony to which he pleaded guilty, one of the, excuse me, one of the felonies to which he pleaded guilty was punishable by a maximum of nearly four years in prison, correct? Your Honor, the sentencing ranges were for a class four felony, as I've discussed in my reply brief at 24, page 25, they range from one year to a 3.5 years, 3.75 years. And under Arizona's mandatory sentencing guidelines and McEgory in the United States versus McEgory case, the relevant inquiry is what Mr. Michel would have actually been facing given the guidelines and his history as they were applied to him. Now here, the court treated him as a first offender. So the fact that he signed one of many tiny little provisions as he was quickly going down the plea agreement is not dispositive. I believe that he could still make a reasonable argument that a jury could find that he did not realize that he was subject to a sentence of imprisonment in excess of one year, because he hasn't- Excuse me, counsel, I have a question. But I'm troubled by the fact the standard we have to apply is reasonable probability and you're making a subjective belief argument. How do we apply that on appellate review? Well, Your Honor, there is objective evidence in the record that Mr. Michel had this belief and that it was reasonable for him to have this belief. That comes from the testimony of his testimony and the documents that the court has before it, which are very ambiguous. And the complexity of the state statute structure. I think a reasonable jury could find that he likely did not know that the few pieces of ammunition strewn in his garage would subject him for a decade long stint in prison, nor would the brokering of the transaction for his brother. Counsel, I'm sorry, I was gonna say you're down to a minute, but we've asked a lot of questions and Judge Baker has one and we'll give you a minute for rebuttal. Thank you, Your Honor. Yes, I like, actually, I have a question. I liked it, but I don't wanna take your rebuttal time. But my, just again, getting to the practical consequences of this, your client has already served his sentence, correct? Yes. But my client, excuse me, Your Honor, my client is very adamant that he was, this was not fair. No wonder, I understand that. No, I understand that and I understand there are collateral consequences of this conviction and that's, so I understand that. But if there's a retrial and your client loses, is it possible that he could get additional jail time beyond that that he's already served? That's unknown, Your Honor. I don't believe he should at all. But that's an issue that we've discussed. And nonetheless, he is adamant that he was unfairly tried under the circumstances. No, I understand that, but I just want you to be careful what you wish for, right? You might end up with yet even more jail time if we have a retrial. Well, that would be certainly an argument to take up at that point and we've discussed that. Okay. Okay. I think that's, all right, that's all I have. Thank you and we will give you that minute for rebuttal time. And we are ready to hear from the government. Thank you, Your Honor. May it please the court, my name is Peter Kozinets and I represent the United States. The defendant cannot establish plain error because the record viewed as a whole overwhelmingly shows that he was a felon. He knew he was a felon and he knew he had been convicted of crimes punishable by more than a year in prison. And that evidence- Counsel, doesn't the record here show that, doesn't the record here show that this gentleman had this serious substance abuse problem at the time? I mean, he's got alcohol issues, he's got opioid issues because he's been in a car accident. Doesn't this bear on his, what he can actually remember at the time that he's, at the time? The short answer is no, because that is a- It has no bearing at all on his ability to remember those, what he signed when he was 17 years old? Let me put it this way. There is nothing in the record that draws any nexus whatsoever between any substance issues that this defendant had and his ability to cognitively understand the events that he has experienced or any memory issues at all. Instead, the record is directly to the contrary. And I would point your honor to the sentencing transcript. At 5ER666, defense counsel argues, my defendant is very smart and he won't get himself into this kind of trouble again. The defendant then has a very sophisticated allocution where he talks about how he spent a decade before his felon in possession case in the private sector, starting a number of businesses during which he says he was responsible for hiring and managing hundreds of people. He then talks about his accomplishments in custody, earning 11 certificates, obtaining a security clearance, becoming a member of the captain's staff. Right, and at the time he was arrested, he was unemployed and didn't even have medical insurance. He's a completely different individual. And he had this car accident with the opioid addiction resulting from the opioids that was taken because of the pain.  this is something that was mentioned for the very first time on Friday afternoon. In the many years of this litigation, the defendant has never made a claim that he had any kind of impairment. Isn't that because maybe you all, the government moved in limine to stop the admission of any evidence bearing on this? I mean, you moved in limine, you were very successful that his state of mind was irrelevant. I mean, this is a question for the jury, right? How do the juries decide this evidence? They listen, they look at this and then they'll decide. Well, on plain error review, there is no automatic entitlement to a retrial. The defendant has to meet all of the difficult burdens that apply here. And he can't do that here because there's literally a mountain of evidence showing that he knew he was a felon and had been convicted of a crime punishable by more than a year. I was gonna say he also, even on direct examination, he was asked, do you remember what happened with the case? And he did, I went to proceedings, I filed an interlocutory appeal. There was an issue, I guess, with the mailing and either way the case disappeared and was refiled. In other words, he didn't seem to have memory problems and he also answered yes to the question. So you know, there were aggravated DUI charges, you know to be a felony? Yes, sir. And then later on page 487, you realize now that you're owning and firing weapons after the juvenile matter rendered you a prohibited possessor, answer, I do. And then he says, well, if I figured that out sooner, I would have tried to get them expunged. So I would say that I assume we're entitled to examine his responses at trial to determine whether there's an issue of memory sufficient to cause a problem. Absolutely, Your Honor, and there is no indication whatsoever in the record here that he had the kind of memory problem that the court discussed in the Worrell case. And that's where this comes up, this case that the court decided just two months ago. In that case, the defendant had a documented history of irreversible brain injury as a child. He was in a coma. Subsequent medical testing and treatment showed that he had this permanent impairment as a result. And at his sentencing, he had trouble remembering how long he had been previously in custody for. Those facts are just worlds apart from what we have here. Instead, what we have is the kind of that he made when he was arrested, when he was caught essentially red-handed with live ammunition in his residence, where, as Judge Graper pointed out, he told the FBI, I gave money to my girlfriend to buy guns. She's legal to have them. And then he's asked, and you don't have guns because, and he says, I don't have guns. I'm a felon. I would have loved to have expunged. And then he kind of trails off at that point. That's direct evidence of consciousness of guilt as recognized really in footnote four of the Wuerl opinion itself, where it says in Wuerl, they didn't have that kind of direct evidence. In the Pollard case, they did. And that is very similar to the kind of admissions that we have here. And then we have everything else in the record too. We have the recency of his knowledge of his felony convictions. When he's prosecuted for DUI in late 2016, he enters into these two plea agreements. And yes, the state agreed not to assert his 1997 conviction against him for sentencing purposes, because that would have bumped up his sentencing range. But he still had to acknowledge in both of his newer plea agreements that he had that felony on his record. And that's at SER paragraph five. That's his Pinell County plea agreement, where in bold print underlined, he avows that he has no more than one prior felony conviction. In fact, it's even more telling, because the printed language says he avows he has zero felony convictions. That language is crossed out. And in handwriting, it's written he has no more than one. He makes that same no more than one representation in his Maricopa County plea agreement. So here, in connection with being prosecuted for these new felonies, he's reminded of his earlier felony. And this is all happening just in the months immediately preceding his offense conduct here, where he's selling these weapons and possessing weapons and ammunition. So in addition to all of that. Can I ask you a question about the, so is it, and I just was, is it elite, is it under the Felon in Possession statute, is it a violation of the statute for somebody with a prior felony conviction to go to a shooting range with their spouse or a family member, and who the family member provides the gun and the ammunition, and he just, and this person takes shots at a shooting range. Is that a violation of the Felon in Possession statute? Your Honor, I believe that that could be if he has actual possession of the firearm. But I mean, it just, I mean, if you just borrow your brother's gun, and you go to a shooting range, and then you give it back to him when you're done, is the mere holding of the weapon, is that enough for possession purposes? If it's not, you know. I believe it is, Your Honor. But here we have so much more than that. We have text messages from September through November. This is in the PSR at paragraph 10. He starts selling, marketing firearms and ammunition on the internet and via text message just three months after he got out of prison on his felony DUIs. And I believe also there are photographs of him holding weapons on a Facebook page or something similar to a Facebook page. That's correct, Your Honor. Social media evidence of that as well. And when the search warrant was executed at his house, in addition to finding the live ammunition, they found 50 to 60 spent cartridges of ammunition and a target from a shooting range, showing that marks indicating where bullets had entered the target as well. But we have so much more evidence of his consciousness of his felon status. The fact that he actually was sentenced to more than a year in prison and served more than a year in prison has been recognized by this court in the Dorr case, the Davis case, the Johnson case from 2020. That is almost irrefutable evidence of knowledge of one's felon status, that he actually served that time. We have his trial stipulation here at 3 ER 374, where he tells the jury, I was convicted of separate felonies in 1997 and 2017, punishable by more than a year in prison. The Supreme Court in New York recognized that kind of stipulation. The standard here isn't whether or not there's a preponderance of the evidence that the outcome would have been different. The question is whether there's a reasonable probability. And that's not a preponderance of the evidence. That's correct, Your Honor, but there is no reasonable probability where he's actually served more than a year in prison on a prior felony. He's acknowledged twice in two different plea agreements that he's being sentenced to more than a year in prison. He's stipulated to that fact at trial, which the Supreme Court says is substantial evidence of knowledge. And for all of these reasons, we ask that you affirm. I see that. Your time has expired. Thank you very much for your argument. And you have a minute for rebuttal. Thank you, Your Honors. In Greer, the court made clear that it's not just positive that the defendant served a sentence, because even if he had served a sentence, there may be circumstances where that sentence, where he would not reasonably have realized it met the classification under 922 G1. As to his Facebook photos, I submit that that shows lack of consciousness of guilt. If he had any inkling that he was still a, he was a federal prohibited possessor, and that really is the test, why would he bother to do that? And likewise, why would he bother to have a few pieces of ammunition in his garage and subject himself to this penalty for a $450 sale? And I would, again, take issue with the nomenclature used. The proper terminology is not whether one is a felon, but whether one knows he has been subject to a sentence in excess of a year. And I see my time has run out. It has. No questions. Thank you very much. I don't believe we have any further questions. We appreciate very much the arguments of both counsel, and the case just argued is now submitted.
judges: GRABER, WARDLAW, Baker